IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BERNARD SMITH,

        Plaintiff,

                                      CIVIL ACTION
   vs.                                No. 04-3233-SAC

DAVID R. McKUNE, et al.,


        Defendants.


ORDER


By an order entered on August 5, 2004, the Honorable G. T. VanBebber of this court directed plaintiff to demonstrate his use of the administrative grievance procedure. Plaintiff filed a timely response.[1] The matter was transferred to the undersigned on June 3, 2005.[2]

---

[1] Plaintiff asserts, in part, that he submitted grievances to which he received no response. Because the court has determined that no claim for relief is stated, the court need not determine whether plaintiff exhausted available remedies. See 42 U.S.C. 1997e(c)(2)(where claim is subject to summary dismissal, court may dismiss without proof of exhaustion of administrative remedies).

[2] The court takes notice that the notification of the transfer mailed to plaintiff was returned as undeliverable (Doc. 8).

Having examined the record, the court enters the following findings and order.

Background

Plaintiff claims his constitutional rights were violated by the failure to provide adequate medical care during his incarceration.

The record reflects that plaintiff has a history of heart complaints and received an implanted defibrillator in June 2002, prior to his incarceration.

In March 2004, he complained of chest pains to the prison medical clinic. Following an appointment in early April 2004, plaintiff's medication was changed. Later that month, he was taken to a community hospital. He claims prison authorities failed to schedule a follow-up appointment as directed.

In May 2004, plaintiff was admitted to the prison medical clinic and remained there for approximately four days. In June 2004, he stopped taking his medication "because it wasn't helping ...and felt they was killing me." (Doc. 1, attach. p. foll. p. 3.)

**Discussion**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution

2

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992).

A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf". Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.1997). Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e).

Generally, prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention. Sealock v. State of Colorado, 218

F.3d 1205, 1209 (10th Cir. 2000). However, no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment. Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992). Likewise, medical malpractice is insufficient to state a constitutional claim. See Estelle, 429 U.S. at 106. Similarly, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993).

The court has examined the record, which includes materials from examinations apparently conducted prior to plaintiff's incarceration and incident to his discharge from hospitalization in April 2004. While it appears the plaintiff has serious medical needs related to his history of cardiac concerns, the record demonstrates that plaintiff received ongoing medical attention during his incarceration and that he was dismissed from the hospital without restrictions. See Doc. 4, Ex. 3.

The record also reflects that staff continued to address plaintiff's concerns about his defibrillator following his

discharge.  Id., Ex. 8.  Plaintiff was advised to communicate with staff members if he had additional questions.

After carefully considering the record, the court concludes the plaintiff cannot prevail on his claim of constitutional violations.  The record shows plaintiff received continuing medical care and medication to address his condition, and his disagreement with that care is not sufficient to state a claim for relief.  Accordingly, the court concludes this matter may be summarily dismissed.

IT IS THEREFORE ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.[3]

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 5) is denied as moot.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

Copies of this order shall be transmitted to plaintiff at his last known address and to the Finance Office of the

---

[3] Because it appears plaintiff no longer is incarcerated, the court orders no collection action at this time. However, should plaintiff return to incarceration, he is obligated to pay the filing fee of $150.00 and may be subject to collection action at that time.

correctional facility in which he last was incarcerated.

**IT IS SO ORDERED.**

DATED:  This 12th day of August, 2005, at Topeka, Kansas.


                              Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge